UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SHELLY LYNN KOEHLER,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 17-cv-03487-RMI<br><br>**ORDER RE MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 18, 19 |

Plaintiff Shelly Lynn Koehler seeks judicial review of an administrative law judge ("ALJ") decision denying her application for benefits under Title II the Social Security Act. Plaintiff's request for review of the Administrative Law Judge's ("ALJ's") unfavorable decision was denied by the Appeals Council. (Administrative Record ("AR") 1-3.) The ALJ's decision is therefore the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (Docs. 5, 10) and both parties have moved for summary judgment (Docs. 9, 13). For the reasons stated below, the court will deny Plaintiff's motion for summary judgment, and will grant Defendant's motion for summary judgment.

**LEGAL STANDARDS**

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial

evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## PROCEDURAL HISTORY

Plaintiff filed her initial application for Title II benefits on July 11, 2013, alleging an onset of disability date of April 28, 2010. (AR 153.) Plaintiff's application was denied initially and on reconsideration. (AR 86-90, 93-97.) Plaintiff filed a request for hearing with an ALJ and a hearing was held on September 23, 2015. (AR 34-59.) The ALJ issued an unfavorable decision on December 29, 2015. (AR 17-33.) Plaintiff requested review by the Appeals Council on February 19, 2016. (AR 14.) The request for review was denied on April 17, 2017. (AR 1-4.)

## THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. *See* 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909.[1] The ALJ must consider all evidence in the claimant's case record to determine disability (*see id*. § 416.920(a)(3)), and must use a five step sequential evaluation process to determine whether the claimant is disabled (*see id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered*." Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step

---

[1] The regulations for supplemental security income (Title XVI) and disability insurance benefits (Title II) are virtually identical though found in different sections of the CFR. For the sake of convenience, the court will only cite to the SSI regulations herein unless noted otherwise.

2

1  sequential evaluation. (AR 20-29.)

2  At Step One, the claimant bears the burden of showing she has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. *See* 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *See id*. The ALJ found that Plaintiff met the insured requirement through March 31, 2015, and had not engaged in substantial gainful activity since April 28, 2010, her alleged onset date. (AR 15.)

At Step Two, the claimant bears the burden of showing that she has a medically severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered from the following severe impairments: depression, obesity, and cervical spine degenerative disc disease. (AR 22.)

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing her impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, proceeds to Step Four. *See id*. § 416.920(a)(4)(iv), (e). Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (AR 22-24.)

At Step Four, the ALJ must determine the claimant's residual functional capacity ("RFC") and then determine whether the complaint has the RFC to perform the requirements of his past relevant work. *See id.* § 416.920(e) and 416.945. The ALJ found Plaintiff had the RFC to perform light work as defined in 20 CFR 404.1567(b) except that Plaintiff could lift and/or carry twenty pounds occasionally and 10 pounds frequently; sit, stand, and walk for six hours in an eight-hour workday; and frequently climb ladders, ropes, and scaffolds. Plaintiff was limited to simple routine tasks. (AR 24-25.) The ALJ found that Plaintiff was unable to perform any past relevant

3

1 work. (AR 27.)

2 At Step Five, the ALJ must determine whether the claimant is able to do any other work considering her RFC, age, education, and work experience. *See id*. § 416.920(g). If the claimant is able to do other work, she is not disabled. The ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including mail clerk, officer helper, and cashier II. (AR 28-29.) Thus, the ALJ found Plaintiff not disabled from April 28, 2010, through March 30, 2015, the date last insured. (AR 29.)

**DISCUSSION**

Plaintiff contends that the ALJ erred in relying on the testimony of the vocational expert ("VE") to support her decision without acknowledging or discussing in her decision the objections to the VE's testimony raised in Plaintiff's post-hearing brief. Plaintiff's contention is based on her claim that the ALJ had an absolute obligation to explicitly rule on her objections in the ALJ's decision. In support of that claim, Plaintiff cites the well-recognized principles that disability proceedings before an ALJ are non-adversarial and that the ALJ has a duty to develop the record. *See Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) *citing Richardson v. Perales*, 402 U.S. 389 (1971). She also references a claimant's right to due process in administrative proceedings. *See* 5 U.S.C. § 556(d) (2015) ("A party is entitled to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts.").

Plaintiff further cites the Hearing Appeals Litigation and Law Manual ("HALLEX"), an internal agency procedures manual. The Ninth Circuit has repeatedly held that HALLEX does not impose judicially enforceable duties. *See Roberts v. Comm'r of Soc. Sec. Admin.*, 644 F.3d 931, 933 (9th Cir. 2011) (holding court will not "review allegations of noncompliance with [HALLEX's] provisions"); *Lockwood v. Comm'r Soc. Sec.*, 616 F.3d 1068, 1072 (9th Cir. 2010) (explaining HALLEX is an internal agency policy manual that "does not impose judicially enforceable duties on either the ALJ or this court"), *citing Clark v. Astrue*, 529 F.3d 1211, 1216

4

(9th Cir. 2008) ("HALLEX is strictly an internal Agency manual, with no binding legal effect on the Administration or this court."); *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000) ("As HALLEX does not have the force and effect of law, it is not binding on the Commissioner and we will not review allegations of noncompliance with the manual.").

Plaintiff, however, cites *Parker v. Colvin*, No. 14-35794, 2015 U.S. App. LEXIS 21390, at *3 (9th Cir. Mar. 12, 2015), relying on the follow language, "'if a claimant raises an objection about the VE's opinion, the ALJ must rule on the objection and discuss any ruling in the decision.' (HALLEX I-2-5-55)." A brief review of the Order cited by Plaintiff reveals that it grants a stipulation for remand by the parties. In seven enumerated paragraphs, the stipulation describes the duties of the ALJ upon remand. In the fifth paragraph, the stipulation provides as follows:

> 5. The ALJ will weigh the vocational expert evidence along with all the other evidence in the file and explain how the vocational evidence in the file was weighed (see HALLEX I-2-5-48). Furthermore, "if a claimant raises an objection about the VE's opinion, the ALJ must rule on the objection and discuss any ruling in the decision" (HALLEX I-2-5-55).

*Id*. The court finds, on reviewing the language in context, that there is no indication that this order granting a stipulation by the parties and signed by a Court Mediator in any way overrules the established principle that duties imposed by HALLEX are not judicially enforceable. Rather, it simply memorializes the ALJ's duty on remand under the internal agency procedures manual. Thus, having reviewed the entirety of the parties' arguments, the court finds that Plaintiff has not demonstrated that the ALJ had a legal duty under HALLEX, either by itself or in conjunction with the other authority Plaintiff discussed, to explicitly rule on Plaintiff's post-hearing objections in her decision.

However, the Ninth Circuit has recognized that while "HALLEX . . . constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ, [s]uch agency interpretations "are 'entitled to respect,'" but "only to the extent that those interpretations have the 'power to persuade.'" *Lockwood v. Comm'r Soc. Sec. Admin*., 616 F.3d

1068, 1072–73 (9th Cir. 2010) quoting *Christensen v. Harris Cnty.*, 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000) (internal quotation omitted); *see Delmonaco v. Berryhill*, No. 1:17-cv-00345-AC, 2018 WL 1448558 (D.Or. March 23, 2018). Plaintiff explains in her motion that she raised two objections in her post-hearing brief: the "reasoning level" objection and the "methodology" objection. (Plaintiff's Motion for Summary Judgment, Doc. 18, 8-9.) In the reasoning level objection, she argues that two of the three jobs identified by the VE in response to the hypothetical assumption for simple, repetitive tasks have a reasoning level of 3, as described in the *Dictionary of Occupational Titles* ("DOT"). She argues that these jobs are therefore not consistent with the RFC found by the ALJ. (*Id.*) Plaintiff however concedes that this leaves the position of office helper as a possible appropriate job. Assuming, but not deciding, that the ALJ erred in finding the positions of mail clerk and cashier II to be jobs that Plaintiff could have performed in compliance with her RFC, the error was harmless. *See Purser v. Colvin*, No. 3:15-CV-05845 KLS, 2016 WL 3356193, at *3 (W.D.Wash. June 17, 2016) (ALJ's error at Step Five found harmless based on existence of significant number of remaining jobs.) Here, the ALJ identified office helper as another job Plaintiff was capable of performing.

In regard to the "methodology" objection, Plaintiff argues that in her objections:

> she relied upon several premises, that (1), the vocational expert and (sic) relied upon a vocational resource, U.S. Publishing, that is not administratively noticed by the Agency; (2) that there is no government Agency or entity that gathers, collects or publishes job statistics by DOT code, and there is no known data source or methodology for reliably determining the number of jobs by DOT code in the national economy (citing Exhibits A and B (Tr. 260-70; 271-73)); (3) that, in fact, U.S. Publishing acknowledges the "data limitations" of the publication (citing Exhibit C (Tr. 274-79)); and (4) that U.S. Publishing uses and (sic) unreliable, "simple, pro rata distribution methodology" (citing Exhibit D (Tr. 281-89 (a printed copy of *Hermann v. Colvin*, 772 F.3d 1110 (7th Cir. 2014), wherein the Seventh Circuit held that U.S. Publishing's pro rata distribution methodology was "arbitrary." *Id*. at 1114))).

(Plaintiff's Motion for Summary Judgment, Doc. 18, 9-10.) The court is unconvinced by Plaintiff's argument regarding her methodology objection. "'The DOT . . . just *defines* jobs. It does not report how many such jobs are available in the economy.' *Brault v. Social Security*

6

*Admin.*, 683 F.3d 443, 446 (2nd Cir. 2012) (emphasis in original). Because the DOT does not provide the actual numbers, vocational experts often turn to additional secondary sources for this information, one such acceptable source being the Occupational Employment Quarterly III (the "OEQ"), which is prepared by a private organization called U.S. Publishing, 'to assess whether positions exist for each of the [ ] DOT codes identified.' *Id.*" *Kennedy v. Colvin*, No. 13CV1632-WQH-KSC, 2014 WL 3695466, at *20 (S.D. Cal. July 22, 2014). The court finds no error with the VE's reliance on US Publishing as a secondary source or the ALJ's reliance on the VE's testimony.

After reviewing Plaintiff's explanation of the arguments presented in her post-hearing objections, the court finds that because any error in the ALJ's reliance on the VE's testimony in relation to the reasoning level objection was harmless, and because the court finds no error with regard to the methodology objection, the court is unpersuaded that Plaintiff has shown any basis for remand. *See Lockwood*, 616 F.3d at 1072–73.

## CONCLUSION

Based on the foregoing, the court hereby DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment.

A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: August 14, 2018

ROBERT M. ILLMAN
United States Magistrate Judge